IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PHILLIPPI S. LOWE,
    Plaintiff,

vs.                                      Case No.: 3:07cv500/WS/EMT

STATE OF FLORIDA,
    Defendant.
_____/

## ORDER, REPORT AND RECOMMENDATION

        Plaintiff, a non-prisoner proceeding pro se, commenced this action by filing a complaint for damages pursuant to 28 U.S.C. § 1332 (Doc. 1). Plaintiff also filed a motion to proceed in forma pauperis (Doc. 2). Good cause having been shown, leave to proceed in forma pauperis shall be granted. From a review of the complaint, however, the court has determined that this court does not have jurisdiction in this action and that Plaintiff's claim for relief is subject to dismissal pursuant to the Eleventh Amendment. Therefore, this action should be dismissed.

        Plaintiff names one Defendant in this action, the State of Florida ("Florida") (*see* Doc. 1 at 1). He alleges that this court has jurisdiction pursuant to 28 U.S.C. § 1332 (*id.*). In the complaint, Plaintiff states that Florida "conspired with Richard N. Smith (deceased) and Eloise M. Smith in a concerted action to and did illegally involve[] Vietnam [war] disable[d] senior [c]itizen [v]eteran Plaintiff [] in U.S. Federal crimes that have and will continue to cause the death and injury [of] innocent motorist[s] on [p]ublic [h]ighways" (*id.*) (emphasis removed). For relief, Plaintiff demands $7,000,000.00 from Florida (*id.* at 1–2).[1]

---

[1] Plaintiff also invites this court to see other cases he has filed in this court (*see* Doc. 1 at 1). This is not acceptable. Plaintiff should not reference other documents in support of his complaint. Regardless, this deficiency is inconsequential because this action is subject to dismissal.

As a threshold matter, this court must consider whether it has jurisdiction to consider Plaintiff's claims.  A federal court must dismiss a case whenever it appears the court lacks subject matter jurisdiction.  Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) (citations omitted); Tylon v. Kloak, 98 Fed. Appx. 511, 2004 WL 729173, at **1 (7th Cir. 2004).  The absence of jurisdiction may be raised at any time during the case, and may be based on the court's review of the evidence. Lovern, 190 F.3d at 653 (citations omitted).  Addressing jurisdictional issues at the outset of the litigation is often the most efficient procedure.  *Id.* (citations omitted).  A district court may address its lack of subject matter jurisdiction in two ways:  the court may find insufficient allegations in the pleading, viewing the alleged facts in the light most favorable to Plaintiff, similar to an evaluation pursuant to Rule 12(b)(6), or, after an evidentiary hearing, the court may weigh the evidence in determining whether the facts support the jurisdictional allegations.  *Id.* (citations omitted).  The burden is on the party asserting jurisdiction to demonstrate that jurisdiction in fact exists.  *Id.* at 654 (citing Thomas v. Gaskill, 315 U.S. 442, 446, 62 S. Ct. 673, 86 L. Ed. 951 (1942)).

In this case it is clear that this court does not have jurisdiction based on diversity of citizenship.  Title 28 U.S.C. § 1332(a) provides for jurisdiction based on diversity of citizenship when the parties are citizens of different states and when the amount in controversy exceeds $75,000.00.  *See, e.g.*, Massey v. Congress Life Ins. Co., 116 F.3d 1414, 1418 n.1 (11 Cir. 1997) (for diversity jurisdiction to apply, plaintiff must allege proper jurisdictional basis in complaint, including that plaintiff and defendants are citizens of different states and that amount in controversy exceeds jurisdictional threshold).  It is well established "that a State is not a 'citizen' for purposes of [] diversity jurisdiction."  Moor v. Alameda County, 411 U.S. 693, 717 (1973) (citing Postal Telegraph Cable Co. v. Alabama, 155 U.S. 482, 487 (1894)).  Therefore, Plaintiff cannot meet an essential element of § 1332(a), and as such this court is without jurisdiction to consider his complaint under its diversity jurisdiction.

Moreover, Plaintiff's claim against Florida for monetary damages is subject to dismissal. The Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities.  Edelman v. Jordan, 415 U.S. 651, 662–63, 94 S. Ct. 1347, 1355–56, 39 L. Ed. 2d 662 (1974).  Absent waiver or express congressional abrogation, neither of which is present in this case,

the Eleventh Amendment prohibits Plaintiff's suit against Florida in federal court.  Kentucky v. Graham, 473 U.S. 159, 167 n.14, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).  Therefore, Plaintiff's claim for monetary damages against Florida is barred by the Eleventh Amendment.

In light of the foregoing, this action should be dismissed for lack of jurisdiction and pursuant to the Eleventh Amendment.

Accordingly, it is **ORDERED**:

That Plaintiffs' motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That this action be **DISMISSED** for lack of jurisdiction and pursuant to the Eleventh Amendment.

At Pensacola, Florida, this 30th day of November 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**